# IN THE COURT OF APPEALS OF IOWA

No. 23-0591
Filed April 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PRESTON DOUGLAS ENLOW,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Shawn Showers, Judge.

A defendant appeals his criminal convictions, arguing the search of his vehicle was unsupported by probable cause. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

Preston Enlow appeals his convictions for possession of methamphetamine and being a person ineligible to carry dangerous weapons, raising a belated challenge to evidence seized from his vehicle. He claims that his constitutional right to be free from unreasonable searches was violated when law enforcement looked through the window of his van without probable cause and saw methamphetamine and a firearm case. Enlow's claim suffers from three fatal flaws.

First, Enlow did not properly raise this issue through a pretrial motion to suppress. *See* Iowa R. Crim. P. 2.11(2)(c) (identifying "[m]otions to suppress evidence on the ground that it was illegally obtained including, but not limited to, motions on any ground listed in rule 2.12" as pretrial motions that "must be raised prior to trial"); *see also* Iowa R. Crim. P. 2.12(1) (providing bases for suppression of evidence obtained by unlawful search and seizure).[1] Instead, Enlow mentioned it as part of his motion for judgment of acquittal at the close of the State's evidence at trial and in arguing his generic post-trial motions for a new trial and in arrest of judgment at sentencing. In resistance, the State argued the probable-cause issue had to be raised by a pretrial motion to suppress. The district court denied the motions, finding sufficient evidence to submit the case to the jury and that the

---

[1] Rule 2.11 has since been amended, but it similarly provides that "[m]otions to suppress illegally obtained evidence pursuant to rule 2.12" are pretrial motions that "must be raised prior to trial." Iowa R. Crim. P. 2.11(4)(c). Rule 2.12 has also been amended, but it still provides for the same basis for suppression that Enlow asserts here. Those amendments took effect on July 1, 2023, which was several months after Enlow was sentenced.

verdicts were not contrary to the weight of the evidence, but did not rule on the probable-cause argument.

Now, on appeal, Enlow argues his motions for judgment of acquittal and a new trial should have been granted based on his probable-cause argument. Because Enlow did not raise the issue by pretrial motion to suppress or receive a ruling, the State contests error preservation. Expecting that challenge, Enlow argues there is "no case law which prohibits raising the issue of probable cause in a motion for new trial or a motion for judgment of acquittal and arguing that the evidence introduced at trial should have been suppressed."

We side with the State. The rules require that motions to suppress be raised before trial, specifically no later than forty days after arraignment. Iowa R. Crim. P. 2.11(4). A failure to do so "shall constitute waiver thereof, but the court, for good cause shown, may grant relief from such waiver." Iowa R. Crim. P. 2.11(3). Enlow does not argue good cause on appeal, nor did he in the district court. *See State v. Hrbek*, 336 N.W.2d 431, 435 (Iowa 1983) (finding failure to "allege or establish good cause for having failed to" file a motion to suppress amounts to waiver of the objection); *see also State v. Miller*, No. 22-0832, 2023 WL 4759452, at *6 (Iowa Ct. App. July 26, 2023) ("While Miller hints at good cause for raising the issue late, that issue was not litigated below and is therefore waived and not preserved." (internal citation omitted)). Because Enlow did not "raise his constitutional challenge via pretrial motion to suppress, [he] failed to preserve error on that issue." *See State v. Ortega*, No. 19-1948, 2021 WL 1907132, at *3 (Iowa Ct. App. May 12, 2021).

Second, Enlow failed to object to the evidence on constitutional grounds as it came in at trial. *See id.* ("[E]ven if we were to disregard [t]he failure to raise the issue by pretrial motion to suppress, he also failed to object to the introduction of any evidence at trial. In order to preserve error based on the admission of evidence, objections to the evidence 'must be timely and be raised at the earliest time the error becomes apparent.'" (quoting *State v.* Reese, 259 N.W.2d 771, 775 (Iowa 1977))).

Third, Enlow did not obtain a ruling on the issue when it was improperly raised as part of his motions for judgment of acquittal and a new trial. *See, e.g.*, *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("When a district court fails to rule on an issue . . . raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (citation omitted)); *State v. Willard*, 756 N.W.2d 207, 215 (Iowa 2008) (finding error not preserved where defendant "failed to obtain a ruling" on issue).

Finding Enlow's challenge to his convictions was not preserved, we affirm.

**AFFIRMED.**